## CURTICE v. SCOVEL.

An erroneous judgment upon a note being reversed revives the note.

ERROR to reverse a judgment of the County Court in an action upon a note for £20, dated 11th of September A. D. 1790, brought by said Scovel v. said Curtice.

To which action the defendant plead in bar, that said note was executed and delivered into the hands of Joseph Isham, justice of the peace, for the sole purpose of confessing judgment upon to the plaintiff; which said justice was to take and make a record of which was accordingly done and said judgment was left in the hands of said Isham, Joseph Williams and William Hubbard arbitrators between said parties for them to dispose of to oblige the said Curtice to abide and perform the award they should make; and that execution should issue for the sum awarded for him to pay and no more; and that judgment has been rendered upon said note and the same is not obligatory upon him.

The plaintiff replied, that said note was delivered to the plaintiff for the purpose of securing the performance of the award said arbitrators should make, and a judgment was confessed upon it before said Justice Isham for that purpose, by the defendant; and said arbitrators made and published their award in the premises pursuant to their instructions, in which they awarded the said Curtice to pay to said Scovel £17 11s. 6d. in full of all demands, which the defendant had never performed — and the defendant by a writ of error, had procured the judgment of Justice Isham by confession on said note, to be reversed and set aside, and thereupon said note was delivered to the plaintiff to take benefit of and enforce a performance of said award by the defendant, for which purpose it was executed.

The defendant rejoined and affirmed over his plea and traversed without that that said note was made, executed and delivered to the plaintiff to enforce a performance of the award said arbitrators should make in the matters submitted.

Monroe et ux. v. Maples et al.

And the plaintiff sur-rejoined and affirmed that it was executed and delivered to the plaintiff for the purpose of securing a performance of the award said arbitrators should make. On which the parties were at issue to the court.

The court found that the defendant did execute and deliver said note to the plaintiff for the purpose of securing a performance of the award said arbitrators should make, and that judgment was confessed upon it, which had since been reversed, as the plaintiff in his reply and sur-rejoinder had alleged and that the plaintiff recover, etc.

Errors assigned — 1st. That the plaintiff's reply and sur-rejoinder were insufficient. 2d. That said County Court mistook the law.

Judgment of the County Court affirmed. The reversing of the judgment of the justice upon said note for error, placed said note in the same situation it was before any judgment was rendered upon it; which the County Court have found to have been made and delivered for the purpose of enforcing a performance of said award.